E.D.Pa. AO Pro Se 14 (Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

RECEIVED FEB 18 2020

Case No. **20  907**

*(to be filled in by the Clerk's Office)*

ISAAC BILAL PEARSON

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

ALLENTOWN POLICE CHIEF GLENN GRANITZ
DETECTIVE JASON M. KRASLEY
SERGEANT CHARLES O. ROCA

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Isaac Bilal Pearson |
| All other names by which you have been known: | |
| ID Number | ML2492 |
| Current Institution | SCI Somerset |
| Address | 1600 Walters Mill Rd. |
| | Somerset    PA    15510 |
| | *City*    *State*    *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Glenn Granitz |
| Job or Title *(if known)* | Police Chief |
| Shield Number | |
| Employer | Allentown Police Department |
| Address | |
| | Allentown    PA    18101 |
| | *City*    *State*    *Zip Code* |
| | [ ] Individual capacity   [x] Official capacity |

Defendant No. 2

| | |
|---|---|
| Name | Jason M. Krasley |
| Job or Title *(if known)* | Detective |
| Shield Number | K8259 |
| Employer | Allentown Police Department |
| Address | |
| | Allentown    PA    18101 |
| | *City*    *State*    *Zip Code* |
| | [ ] Individual capacity   [x] Official capacity |

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
   Name: Charles O. Roca
   Job or Title *(if known)*: Sergeant
   Shield Number: R4636
   Employer: Allentown Police Department
   Address:
   City: Allentown   State: PA   Zip Code: 18101
   [ ] Individual capacity   [x] Official capacity

Defendant No. 4
   Name:
   Job or Title *(if known)*:
   Shield Number:
   Employer:
   Address:
   City:   State:   Zip Code:
   [ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

   [ ] Federal officials (a *Bivens* claim)

   [x] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   A violation of the Fourth Amend. of U.S. Constitution.
   A violation of the Fifth Amend. of U.S. Constitution.
   A violation of the Fourteenth Amend. of U.S. Constitution.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

```
Detective Jason M. Krasley was an employee of A.P.D.
Sergeant Charles O. Roca was supervising Detective Krasley.
Glenn Granitz is Allentown's Police Chief.
```

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.
On March 12th, 2015 I was in the parking lot of a Rodeway INN on 2115 Downyflake Ln. when I was approached at gun point dragged out of my car and thrown onto the floor. While in police custody my car was searched and three cell phones were seized after Detective Krasley called one of them. My vehicle was unrelated.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

This occurred March 12th, 2015 at approximately 11am.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was allegedly implicated in criminal behavior by Angelique Schuler. This has yet been proven and the cellular phones taken from my car were done so without a warrant. Detective Krasley made no showing of probable cause for the invasion of my Silver Chevrolet Impala for which I was the registered owner. As a result of this illegal conduct I was detained and have remained in custody ever since.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

This forceful compulsion has caused me to suffer irreparable harm. Detective Krasley believed I was in a stolen vehicle but even after learning differently made no effort to correct his unlawful intrusion. To date no showing has been made to substantiate his claims. He has sought a forfeiture of my items along with information inside my cell phones which contain very intimate and personal material. I was essentially forced to testify against myself as the contents were used to inflame the passion of the jury in my trial. I vehemently objected all along.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff is seeking injunctive relief to prevent the destruction of his cellular phones that contain photos of family members including his children and past events. Plaintiff also seeks declaratory relief that on this day his constitutional rights were violated. Plaintiff is seeking $10,606.60 for money spent on commissary and in restitution for convicted charges. In punitive damages plaintiff seeks $5,000,000.00 for each year in prison as a result of this detectives misconducts.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?

   _____

3. What was the result, if any?

   _____

   _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____

F.  If you did not file a grievance:

  1. If there are any reasons why you did not file a grievance, state them here:

  _____

  2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

  _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

  _____

  *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)    Isaac Bilal Pearson

   Defendant(s)   Detective Jason M. Krasley

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Eastern District Court of Pennsylvania

3. Docket or index number

   Civil Action No. 16-0066   U.S. Court of Appeals No. 17-2307

4. Name of Judge assigned to your case

   C. Darnell Jones, II, J.

5. Approximate date of filing lawsuit

   February 29, 2016

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition.    January 3, 2018

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   This claim was ultimately dismissed.

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1. Parties to the previous lawsuit
      Plaintiff(s) _____
      Defendant(s) _____

   2. Court *(if federal court, name the district; if state court, name the county and State)*

      _____

   3. Docket or index number

      _____

   4. Name of Judge assigned to your case

      _____

   5. Approximate date of filing lawsuit

      _____

   6. Is the case still pending?

      ☐ Yes

      ☐ No

      If no, give the approximate date of disposition _____

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2-12-20

Signature of Plaintiff: *Isaac B. Pearson*
Printed Name of Plaintiff: Isaac Bilal Pearson
Prison Identification #: ML2492
Prison Address: SCI Somerset Walters Mill Rd.
Somerset, PA 15510
*City — State — Zip Code*

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

*City — State — Zip Code*

Telephone Number:
E-mail Address:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CDJ

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Pearson | : | CIVIL ACTION |
| v. | : | |
| Granitz, et. al. | : | NO. **20  907** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     (☐)

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     (☐)

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (☐)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     (☐)

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.     (☐)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   **550** (☒)

FEB 18 2020         Daniel McCormack
**Date**            **Deputy Clerk**              **Attorney for**

**Telephone**         **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CDJ

**20    907**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1590 Walters Mill Road, Somerset, PA 15510

Address of Defendant: _____

Place of Accident, Incident or Transaction: Lehigh

Date Terminated: 5/11/17

THIS CASE IS RELATED TO: 16-66

| | Yes | No |
|---|---|---|
| : | ☐ | ☐ |
| it | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

CIVIL ACTION NO. 20-907
CRIMINAL NO.

ASSIGNED TO: Judge Jones

ng or within one year previously terminated action in this court except as noted above.

DATE: 02/18/2020      David McGunnal
                       *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights   550
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                            *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

Smart Communications/PADOC

SCI- Somerset

Name Isaac Bilal Pearson

Number ML2492

PO Box 33028

St Petersburg FL 33733

PA Department of Corrections
INMATE MAIL



U.S. POSTAGE >> PITNEY BOWES

ZIP 15510 $ 000.65
02 1W
0001397502 FEB 13 2020

Clerk of Court, EDPA
James A. Byrne U.S. Courthouse
601 Market St. Room 2609
Philadelphia, PA 19106

U.S.M.S.
X-RAY

1910631796 C019