IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC BILAL PEARSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0907 |
| | : | |
| GLENN GRANITZ, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

JONES, II, J.                                                                                                  APRIL 2, 2020

Plaintiff Isaac Bilal Pearson, a prisoner incarcerated at SCI Somerset, brings this civil action pursuant to 42 U.S.C. § 1983, against Allentown Police Chief Glenn Granitz, Detective Jason M. Krasley, and Sergeant Charles O. Roca. Pearson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Pearson leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

    **I.**        **FACTUAL ALLEGATIONS**[1] **AND LITIGATION HISTORY**

The Complaint brought by Pearson raises constitutional claims pursuant to 42 U.S.C. § 1983 against Defendants Chief Granitz, Detective Krasley, and Sergeant Roca in their official capacities only. Pearson alleges violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (ECF No. 3 at 3.) Specifically, Pearson avers on March 12, 2015, he was in the parking lot of a Rodeway Inn when he was approached at gun point by Detective Krasley, dragged out of his car, and thrown down to the ground. (*Id.* at 4.) While in police custody, Pearson avers that his car was searched without a warrant, and three cell phones were unlawfully seized. (*Id.* at 4-5.)

---

[1] The allegations are taken from Pearson's Complaint.

This is not the first case that Pearson has filed alleging violations of his constitutional rights in the course of the March 12, 2015 arrest. On January 7, 2016, Pearson sued Detective Krasley alleging unlawful use of excessive force and unlawful search and seizure in violation of the Fourth Amendment based solely on allegations pertaining to Detective Krasley's conduct during the March 12, 2015 arrest. *See Pearson v. Krasely*, E.D. Pa. Civ. A. No. 16-0066. Pearson also claimed violations of his "due process rights" and the First, Sixth, and Eighth Amendments based on Detective Krasley's alleged falsification of a police report. (*Id.*)

In that case, the Court granted Pearson leave to proceed *in forma pauperis* and dismissed the Amended Complaint because it failed to state any plausible federal claims for violation of Pearson's constitutional rights. (*Id.*, *see* ECF Nos. 22 & 23.) The Court dismissed the federal claims with prejudice on May 11, 2017. (*Id.*, *see* ECF No. 23.) Pearson filed a petition for reconsideration, which was denied by the Court on June 2, 2017. (*Id.*, *see* ECF Nos. 24 & 28.) Pearson appealed the dismissal of his claims to the United States Court of Appeals for the Third Circuit. By Judgment dated November 15, 2017, and entered January 11, 2018, the Third Circuit affirmed the dismissal of Pearson's claims. (*Id.*, *see* ECF No. 32.)

As noted above, Pearson again raises constitutional claims stemming from the same arrest which occurred on March 12, 2015. (ECF No. 3 at 5.) Pearson avers that "Detective Krasley made no showing of probable cause for the invasion" of his vehicle and "[a]s a result of this illegal conduct [he] was detained and [has] remained in custody ever since." (*Id.*) While Pearson has also named Chief Granitz and Sergeant Roca as Defendants, he makes no substantive allegations against them other than to state that they are supervisory employees of the Allentown Police Department.[2] (*Id.* at 4.) Pearson seeks "injunctive relief to prevent the

---

[2] While the entire Complaint is dismissed on other grounds, the Court also notes that the claims against Granitz and Roca are additionally defective and subject to dismissal because Pearson has not stated a plausible claim against these Defendants based on supervisor liability. *See Barkes v.*

destruction of his cellular phones" and "declaratory relief that on this day his constitutional rights were violated." (*Id.*)  He seeks "$10,606.60 for money spent on commissary and in restitution for convicted charges" and "$5,000,000.00 [as punitive damages] for each year in prison as a result of this detectives [sic] misconducts." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Pearson leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, which among other things, requires a Court to dismiss a complaint that is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Additionally, "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

*First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (discussing the "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates," namely personal involvement or maintaining a policy, practice or custom which directly caused constitutional harm).

[3] However, as Pearson is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

3

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Pearson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Pearson's Claims Are Barred by *Res Judicata*

Pearson's Complaint is subject to dismissal as legally baseless because it is barred by *res judicata*. The doctrine of *res judicata*, or claim preclusion, bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).

Here, it is apparent Pearson is reasserting the same claims based on the same events raised in Civil Action Number 16-0066, in which Pearson's claims were dismissed with prejudice. To the extent that Pearson is attempting to assert new constitutional violation claims, those claims are, nonetheless, based upon the same underlying subject matter, his March 12, 2015 arrest. Pearson's Complaint is, accordingly, subject to dismissal with prejudice as barred by *res judicata*. *See Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) (per curiam) ("*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to

4

litigate the claim."); *Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (per curiam) ("Shockley's second lawsuit, filed after the court adjudged the first to be frivolous, lacked arguable merit in fact or law because it was barred under the principles of res judicata as announced in *Denton*."). Because the claims are barred, they are legally frivolous.

**B. Pearson's Claims Are Time-Barred**

In any event, Pearson's claims are time-barred. The Court understands Pearson to be bringing claims pursuant to 42 U.S.C. § 1983 against Chief Granitz, Detective Krasley, and Sergeant Roca for constitutional violations stemming from his arrest on March 12, 2015. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pennsylvania's two-year statute of limitations period applies to Pearson's § 1983 claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam). The limitations period governing claims of false arrest without a warrant accrues at the time litigant became detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De*

5

*Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.")  Pursuant to the prison mailbox rule, Pearson's Complaint was considered filed on the date that he delivered it to prison authorities to be mailed to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam).

Pearson's Complaint reflects that the alleged improper search, seizure, and arrest took place on March 12, 2015.  Pearson's claims regarding any unlawful stop, search or seizure accrued at that point since he was aware or should have been aware of the facts giving rise to his claims at the time the alleged stop and seizure took place.  *See Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010) (holding that Fourth Amendment claims accrued at the time of the seizure); *see also Woodson*, 503 F. App'x at 112 ("Here, Woodson's § 1983 claim accrued when the search and seizure occurred on October 8, 2009—in other words, the moment that Woodson indisputably knew about the alleged faults of search and seizure.").  According to the state court docket, Pearson's criminal charges were held for court on May 19, 2015.  *See Commonwealth v. Pearson*, CP-39-CR-0002184-2015 and *Commonwealth v. Pearson*, CP-39-CR-0002188-2015. Pearson signed the Complaint in this case on February 12, 2020.  (ECF No. 3 at 11.)  Because the allegations in the Complaint clearly demonstrate that Pearson was aware of the events giving rise to his claims more than two years before he filed this lawsuit (i.e. when the alleged illegal search, seizure and arrest occurred on March 12, 2015 and when charges were held on May 19, 2015), his claims are also subject to dismissal with prejudice because they are time-barred.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will grant Pearson leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.  Pearson will not be given leave to amend

because amendment would be futile on the basis that his claims are both barred by claim preclusion and the statute of limitations. An appropriate Order follows.

**BY THE COURT:**


*/s/* **C. Darnell Jones, II**
**C. DARNELL JONES, II    J.**